John R. Keough, III (JK 6013)
John R. Foster (JF 3635)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for the Plaintiffs
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    **ECF CASE**
-----------------------------------------------------------X
BRIDGE OIL LTD. and
A/S DAN-BUNKERING LTD.,                    08 Civ. 7160 (LAP)(GWG)

                    Plaintiffs,

          -against-                    **VERIFIED COMPLAINT**

ALANI SHIPPING CO. (UK) LTD., ALANI
SHIPPING CO. LTD., and F. G. HAWKES
(WESTERN) LTD.,

                   Defendants.
-----------------------------------------------------------X

      Plaintiffs, Bridge Oil Ltd. (hereinafter "Bridge Oil") and A/S Dan-Bunkering Ltd.
(hereinafter "Dan-Bunkering"), by their attorneys, Waesche, Sheinbaum & O'Regan, P.C.,
complaining of the Defendants, Alani Shipping Co. (UK) Ltd. (hereinafter "Alani (UK)"), Alani
Shipping Co. Ltd. (hereinafter "Alani Shipping") and F. G. Hawkes (Western) Ltd. (hereinafter
"Hawkes"), alleges, upon knowledge with respect to themselves and their own acts and upon
information and belief as to all other matters, as follows:

**JURISDICTION**

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the
Federal Rules of Civil Procedure in that it involves claims for breaches of maritime contracts.
The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C.
§1333.

**THE PARTIES**

2.      At all times relevant hereto, Bridge Oil was and still is a corporation duly organized and existing under the laws of the Cayman Islands and with its principal place of business at West Wind Building, Grand Cayman, Cayman Islands, B.W.I. Bridge Oil is a supplier of marine fuels and oils.

3.      At all times relevant hereto, Dan-Bunkering was and still is a corporation duly organized and existing under the laws of Denmark and with its principal place of business at Strandvejen 5, DK-5500 Middelfart, Denmark. Dan-Bunkering is a supplier of marine fuels and oils.

4.      At all times relevant hereto, Alani (UK) was and still is a corporation duly organized and existing under the laws of England and with its principal place of business at Kent House, Romney Place, Maidstone, Kent ME15 6LH, United Kingdom. Alani (UK) is an owner and/or operator of ocean-going vessels, and at all times relevant hereto owned and/or operated the M/V Medmichigan and the M/V Tete Rickmers.

5.      At all times relevant hereto, Alani Shipping was and still is a corporation duly organized and existing under the laws of Cyprus and with its principal place of business at Timokreontos 4, Limassol 3076, Cyprus. Alani Shipping is an owner and/or operator of ocean-going vessels, and at all times relevant hereto owned and/or operated the M/V Hohefels. Alani Shipping is affiliated with Alani (UK).

6.      At all times relevant hereto, Hawkes was and still is a corporation duly organized and existing under the laws of England and with its principal place of business at The Forest Products Terminal, Lock Head, King's Dock, Swansea SA1 1QR, United Kingdom.  Hawkes is a merchant of plywood products.

**REQUEST FOR RELIEF AGAINST ALANI (UK)**

7.      In June and July 2008, at Singapore and Gibraltar, Bridge Oil supplied fuel and gas oil, sometimes called "bunkers," to the vessel M/V Medmichigan. These bunkers were supplied to the ship at the request of Alani (UK).

8.      Also in June and July 2008, at Hong Kong and Singapore, Bridge Oil likewise supplied fuel oil to the vessel M/V Tete Rickmers. These bunkers were supplied to the ship at the request of Alani (UK).

9.      Thereafter, Bridge Oil invoiced Alani (UK) for these bunker deliveries. Alani (UK) made partial payment, but there is currently due and owing to Bridge Oil a balance of $1,009,030.56. Despite due demand and in breach of its contract, Alani (UK) has refused or otherwise failed to pay the remainder due for these supplies to its ships. Alani (UK) has not disputed or contested in any way either the delivery of bunkers to the vessels or Bridge Oil's invoices. As a consequence of this breach, Bridge Oil has incurred damages of $1,009,030.56.

10.      This action is brought in order to obtain security pursuant to F.R.Civ.P. Supplemental Rule B in favor of Bridge Oil for its claim against Alani (UK), which is to be brought in the courts of England. This action is also brought to obtain security for such additional amounts as will cover Bridge Oil's anticipated attorney fees and costs in the London litigation, as well as interest, all of which are recoverable as part of Bridge Oil's main claim under English law.

11.      After investigation, Alani (UK) cannot be found within this District for the purpose of Rule B, but Bridge Oil is informed that Alani (UK) has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of Alani (UK), including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York,

American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

12. The total amount of Bridge Oil's claim against Alani (UK) sought to be attached pursuant to Rule B includes:

(a) unpaid bunkers delivered to the vessels M/V Medmichigan and M/V Tete Rickmers in the sum of $1,009,030.56, as stated above; and

(b) interest, costs, and attorney fees, all inclusive, which are anticipated to at least be equal to the sum of $150,000.00, and which are recoverable under English law as part of Bridge Oil's main claim, for a total claim amount sought to be attached of **$1,159,030.56**.

### REQUEST FOR RELIEF AGAINST ALANI SHIPPING AND HAWKES

13. In April 2008, at Port Klang, Malaysia, and at Nanfong, China, Dan-Bunkering supplied fuel and gas oil to the vessel M/V Hohefels. These bunkers were supplied to the ship at the request of Alani Shipping.

14. Thereafter, Dan-Bunkering invoiced Alani Shipping for these deliveries. Alani Shipping made partial payment, but there is currently due and owing to Dan-Bunkering a balance of $486,198.39. Despite due demand and in breach of its contract, Alani Shipping has refused or otherwise failed to pay the remainder due for these supplies to its ship. Alani Shipping has not disputed or contested in any way either the delivery of bunkers to the vessel or Dan-Bunkering's invoices. As a consequence of this breach, Dan-Bunkering has incurred damages of $486,198.39.

15. By its letter of December 6, 2006, to Dan-Bunkering, Hawkes "unconditionally and irrevocably" guaranteed "as co-debtor" the "due performance of the bunkers ordered by Alani Shipping."

16.    Despite due demand and in breach of its guarantee, Hawkes has refused or otherwise failed to pay for the bunkers delivered to the vessel M/V Hohefels. As a consequence of this breach, Dan-Bunkering has incurred damages of $486,198.39.

17.    This action is brought in order to obtain security pursuant to F.R.Civ.P. Supplemental Rule B in favor of Dan-Bunkering for its claim against Alani Shipping and Hawkes, which is to be brought in the courts of England.  This action is also brought to obtain security for such additional amounts as will cover Dan-Bunkering's anticipated attorney fees and costs in the London litigation, as well as interest, all of which are recoverable as part of Dan-Bunkering's main claim under English law.

18.     After investigation, Alani Shipping and Hawkes cannot be found within this District for the purpose of Rule B, but Dan-Bunkering is informed that Alani Shipping or Hawkes, or both, have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of Alani Shipping or Hawkes, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

19.    The total amount of A/S Dan-Bunkering's claim against Alani Shipping and Hawkes sought to be attached pursuant to Rule B includes:

(a)    unpaid bunkers delivered to the vessel M/V Hohefels in the sum of $486,198.39, as stated above; and

(b)      interest, costs, and attorney fees, all inclusive, which are anticipated to at least be equal to the sum of $75,000.00, and which are recoverable under English law as part of Dan-Bunkering's main claim, for a total claim amount sought to be attached of **$561,198.39.**

**WHEREFORE**, Plaintiffs Bridge Oil Ltd. and A/S Dan-Bunkering Ltd. pray:

(a)      that process in due form of law according to the practice of this Court may issue against Defendant Alani Shipping Co. (UK) Ltd., citing it to appear and answer the foregoing, failing which a default will be taken against it for the claim amount of $1,159,030.56;

(b)      that process in due form of law according to the practice of this Court may issue against Defendants Alani Shipping Co. Ltd. and  F. G. Hawkes (Western) Ltd., citing them to appear and answer the foregoing, failing which a default will be taken against them for the claim amount of $561,198.39;

(c)      that since Defendant Alani Shipping Company (UK) Ltd. cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant Alani Shipping Co. (UK) Ltd. up to and including the claim amount of $1,159,030.56 be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendant Alani Shipping Co. (UK) Ltd. at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro,  Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

(d)      that since Defendants Alani Shipping Co. Ltd. and  F. G. Hawkes (Western) Ltd., cannot be found within this District pursuant to Supplemental Rule B, all

6

tangible or intangible property of Defendants Alani Shipping Co. Ltd. and  F. G. Hawkes (Western) Ltd., up to and including the claim amount of $561,198.39 be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendants Alani Shipping Co. Ltd. and  F. G. Hawkes (Western) Ltd. at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro,  Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

(e)    that Plaintiffs Bridge Oil Ltd. and A/S Dan-Bunkering Ltd. be awarded interest, their costs, and reasonable attorneys fees in the action; and

(f)    that Plaintiffs Bridge Oil Ltd. and A/S Dan-Bunkering Ltd. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
        August 11, 2008

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for the Plaintiffs

By: _____
John R. Keough, III (JK 6013)
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

## VERIFICATION

STATE OF NEW YORK          )
                           )
COUNTY OF NEW YORK         )

JOHN R. KEOUGH, III, being duly sworn, deposes and says:

1.      That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiffs herein.

2.      That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3.      That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiffs by way of communications with their representatives.

4.      That I am authorized to make this verification on behalf of the Plaintiffs.

5.      That the reason this verification is made by me and not by the Plaintiffs is that the Plaintiffs are alien corporations, with no officers or directors presently within this District.

_____
JOHN R. KEOUGH, III

Sworn to before me this
11th day of August, 2008

_____
Notary Public

SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 28, 2011

8