John R. Keough, III (JK 6013)
John R. Foster (JF 3635)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for the Plaintiffs
111 Broadway, Suite 401
New York, New York 10006
Telephone: (212) 227-3550

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08 15 08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIDGE OIL LTD. and
A/S DAN-BUNKERING LTD.,

                Plaintiffs,

    -against-

ALANI SHIPPING CO. (UK) LTD., ALANI SHIPPING CO. LTD., and F. G. HAWKES (WESTERN) LTD.,

                Defendants.
------------------------------------------------------------X

ECF CASE

08 Civ. 7160

**EX PARTE ORDER DIRECTING PROCESS OF MARITIME ATTACHMENT AND <u>GARNISHMENT</u>**

      Upon reviewing the Verified Complaint of the Plaintiffs herein, verified on the 11th day of August, 2008, and the affidavit of John R. Keough, III, Esq., sworn to on the same day, that to the best of his information and belief the Defendants, Alani Shipping Co. (UK) Ltd., Alani Shipping Co. Ltd., and F. G. Hawkes (Western) Ltd., cannot be found within this District for the purpose of an attachment under Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the Court having found that the conditions required by Supplemental Rule B(1) appear to exist,

NOW, upon motion of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiffs, it is hereby

**ORDERED** that the Clerk of this Court is directed forthwith to issue Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property belonging to, claimed by, or being held for Defendant Alani Shipping Co. (UK) Ltd., by ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase & Co., Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or any other garnishee within this District on whom a copy of the Process of Maritime Attachment and Garnishment may be served, including, but not limited to, electronic fund transfers originated by, payable to, or otherwise for the benefit of the Defendant Alani Shipping Company (UK) Ltd., whether to or from the garnishee bank, in an amount up to and including $1,159,030.56 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of this Court is directed forthwith to issue Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property belonging to, claimed by, or being held for Defendant Alani Shipping Co. Ltd., or for Defendant F. G. Hawkes (Western) Ltd., or for both of them, by ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase & Co., Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or any other garnishee within this District on whom a copy of the Process of Maritime Attachment and Garnishment may be served, including, but not limited to, electronic fund transfers originated by, payable to, or otherwise for the benefit of Defendant Alani Shipping Co. Ltd., or of Defendant F. G. Hawkes (Western) Ltd., or of both of them, whether to or from the

garnishee bank, in an amount up to and including **$561,198.39** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said Process shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated person upon a garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, provided the garnishee consents, and such subsequent service by facsimile or e-mail, if transmitted from within the District, shall be deemed to have been made within the District; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day provided the garnishee consents; and it is further

**ORDERED** that pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

*In addition, counsel for all parties shall appear for a conference on October 1, 2008 at 9:30am.*

Dated: New York, New York
August 14, 2008

**SO ORDERED.**

_____
Loretta A. Preska
U.S.D.J.